IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JEFFREY WHITE,                       :

    Plaintiff,                  :

vs.                                  :
                                      CIVIL ACTION 11-0028-KD-M
MICHAEL J. ASTRUE,                   :
Commissioner of
Social Security,                     :

    Defendant.                  :

## REPORT AND RECOMMENDATION

The Motion to Dismiss filed by Defendant (Doc. 11) has been referred for report and recommendation under 28 U.S.C. § 636(b)(1)(B). Jurisdiction has been invoked in this Court under 42 U.S.C. § 405(g). It is recommended that the Motion be denied.

Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (Doc. 1). Defendant moved to dismiss the action, claiming that it is barred because White did not file the action in a timely manner (Doc. 11). Plaintiff has responded to Defendant's motion (Doc. 13). After reviewing the memoranda of record, it is recommended that Defendant's Motion to Dismiss be denied (Doc. 11) and that this

1

action be allowed to proceed to an adjudication of the merits.

The Social Security Act, at 42 U.S.C. § 405(g), provides for judicial review of the Secretary's final decision if the action is commenced within sixty days from receipt of the Appeals Council's letter notifying a claimant of an adverse decision.  An additional five-day period is provided for mail service.  20 C.F.R. § 422.210(c) (2010).

In this action, the Appeals Council letter is dated November 3, 2010 (Doc. 11, Declaration Exhibit 2).  The parties agree that the sixty-five-day period ended, and this action should have been filed in this Court, on Monday, January 10, 2011 (Docs. 11, 13).  The complaint is date-stamped in this Court on January 13, 2011 (Doc. 1), three days late.  Although the sixty-day time period is a statute of limitations which may be waived, it has not been waived in this action (Doc. 11).  *See Shows v. Department of Health and Human Services*, 740 F.2d 891 (11th Cir. 1984).

In *Bowen v. City of New York*, 476 U.S. 472 (1986), the U.S. Supreme Court discussed the tolling of the sixty-day limitations period and noted that Social Security regulations allowed the Commissioner to grant extensions of time to file a complaint for various reasons, including illness, accident, misunderstanding, and at times when the Social Security Administration had

"misled" the claimant, among other things. *Bowen*, 476 U.S. at 480 n.12; *see also* 20 C.F.R. § 404.911. The Supreme Court went on to hold that "cases may arise where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Bowen*, 476 U.S. at 480 (*quoting Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)).

White asserts that the Court should consider the filing of his Complaint to have equitably tolled the limitations statute (Doc. 13). Plaintiff's attorney's firm no longer fronts the costs of appealing social security cases in federal court so White had to pay the court filing fee to proceed (Doc. 13, ¶ 2). Unemployed, White opted to proceed as a pauper (Doc. 13, White Affidavit); however, his attorney did not mail the required forms for filing this type of action until January 6, 2011 (Doc. 13, ¶ 3). Due to his "lack of transportation and a terrible winter storm which resulted in the closure of [his] local post office," White was unable to mail the forms until January 10 (Doc. 13, White Affidavit). The attorney received the forms on January 13, the day he filed this action (Doc. 13, ¶ 4).

The Social Security Administration has provided for equitable tolling in circumstances where a claimant can show good cause for failing to meet a deadline. This Court finds that Plaintiff has established good cause for his failure to

3

timely file this action in that he only had a short period of time to get the forms to his attorney and was without financial means to drive them to his attorney's office.  Furthermore, the fact that White's post office was closed because of weather, rendering him unable to send the forms sooner, was a factor beyond his control.  The Court finds that Plaintiff should not be penalized for his attorney's tardiness, his own poverty, and the weather.  The Court finds that no harm will come to Defendant in finding that Plaintiff equitably tolled the statute of limitations in filing this action on January 13, 2011.

Therefore, it is recommended that Defendant's Motion to Dismiss be denied (Doc. 11) and that this action be allowed to proceed to an adjudication of the merits.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

A party may object to a recommendation entered by a

magistrate judge in a dispositive matter, that is, a
matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing
a "Statement of Objection to Magistrate Judge's
Recommendation" within ten days after being served
with a copy of the recommendation, unless a different
time is established by order.  The statement of
objection shall specify those portions of the
recommendation to which objection is made and the
basis for the objection.  The objecting party shall
submit to the district judge, at the time of filing
the objection, a brief setting forth the party's
arguments that the magistrate judge's recommendation
should be reviewed de novo and a different disposition
made.  It is insufficient to submit only a copy of the
original brief submitted to the magistrate judge,
although a copy of the original brief may be submitted
or referred to and incorporated into the brief in
support of the objection.  Failure to submit a brief
in support of the objection may be deemed an
abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a
Court of Appeals; only the district judge's order or judgment
can be appealed.

2.**Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

    DONE this 22nd day of June, 2011.


                                     s/BERT W. MILLING, JR.
                                     UNITED STATES MAGISTRATE JUDGE