IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JEFFERY WHITE,                          :
                                        :
        Plaintiff,                      :
                                        :
vs.                                     :       CIVIL ACTION 11-0028-M
                                        :
MICHAEL J. ASTRUE,                      :
Commissioner of Social Security,:
                                        :
        Defendant.                      :


<u>MEMORANDUM OPINION AND ORDER</u>


In this action under 42 U.S.C. § 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 22). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 28).   Oral argument was heard on February 27, 2012.  Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED**.

This Court is not free to reweigh the evidence or

1

substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was forty-seven years old, had completed a ninth-grade education (Tr. 39), and had previous work experience as a construction worker, air conditioner mechanic helper, and brick mason helper (Tr. 61). In claiming benefits, White alleges disability due to left eye blindness, hypertension, and mental retardation (Doc. 26 Fact Sheet).

The Plaintiff filed applications for disability benefits and SSI on February 9, 2008 (Tr. 145-49; *see* Tr. 12). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although he was not capable of performing his past relevant work, White was capable of

performing specified jobs in the medium-range classification of work (Tr. 12-30). Plaintiff requested review of the hearing decision (Tr. 7-8) by the Appeals Council, but it was denied (Tr. 1-3).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, White alleges that: (1) The ALJ did not properly consider the opinions and conclusions of the mental status examiner; (2) he meets the requirements of Listing 12.05C; and (3) the ALJ improperly relied on the opinion of a Disability Specialist in determining his residual functional capacity (Doc. 22). Defendant has responded to—and denies—these claims (Doc. 23). The relevant medical evidence of record follows.[1]

A report from the Eye Clinic of Meridian on January 29, 2007 indicated that Plaintiff was, essentially, blind in his left eye though his right eye was unremarkable (Tr. 227-31).

On December 26, 2007, White was seen by the Franklin Primary Health Center for a rash; his blood pressure was 160/94 (Tr. 232-34). Plaintiff was instructed to lose weight and reduce salt in his diet.

---

[1]White's asserted day of disability was December 9, 2006 (*see* Tr. 12), so no medical evidence pre-dating that date will be considered. Also, the Court will not review evidence not relating to the claims

On May 19, 2008, Dr. Stephen J. Robidoux noted that White was alert and "ambulating with normal unaided gait without white cane or Seeing Eye dog or any assistance;" the doctor noted that Plaintiff could not see with his left eye (Tr. 238; *see generally* Tr. 235-40).  Robidoux found White to have full range of motion (hereinafter *ROM*) in his neck, back, and in the upper and lower extremities; his impression was:  (1) hypertension uncontrolled; (2) poor medical compliance; (3) poor vision left eye with near blindness; and (4) degenerative arthritis.  It was the doctor's opinion that Plaintiff was "limited in doing tasks that don't require depth perception and he should not drive unless given a license . . . or operate heavy equipment where visual depth perception and visual fields are important;" Robidoux did not think there would be any limitations as far as sitting, standing, lifting, carrying, bending, pushing, pulling, or in the manipulation or handling of objects (Tr. 239-40).

A medical consultant named Leslie Jackson, working with the Social Security Administration, completed a physical assessment in which it was indicated that White would be capable of lifting and carrying fifty pounds occasionally and twenty-five pounds frequently; Plaintiff would be able to stand and sit for six

---

raised in this action.

4

hours, each, during an eight-hour workday (Tr. 242-49).  White would have no problems using hand or foot controls for pushing and pulling and would be able to frequently climb, balance, stoop, kneel, crouch, and crawl but would never be able to climb a ladder; he would have no manipulative limitations, but would be unable to do any work requiring depth perception.

Records from the Franklin Primary Health Center demonstrate that White was treated for non-cardiac chest pain and hypertension in June 2008 (Tr. 251-59).

On August 26, 2009, Psychologist Donald Blanton examined Plaintiff who was having visual difficulties and used a cane to walk with a left-sided limp; thoughts and conversation were normal (Tr. 261-64).  No psychomotor retardation was noted; he was oriented in four spheres.  White's insight was limited and judgment was fair.  Blanton administered the WAIS-IV on which Plaintiff scored a seventy in verbal comprehension and a sixty-nine in working memory.  Plaintiff also took the WRAT (Revised III), but his visual problems, as in the WAIS-IV, made his performance difficult to measure, though he scored a sixty-eight on the reading portion.  On the Beck Depression Inventory II, completed with the examiner's assistance, White was found to be severely depressed.  Blanton summarized his findings by stating

that White

> could not complete the entire intellectual
> or academic testing today due to his visual
> problems.  It is the examiner's opinion that
> based upon the scores obtained on verbal
> comprehension and processing speed, that his
> true Full Scale IQ score would likely fall
> in a similar range if he were able to
> complete the examination.  Academic
> achievement testing reveals his academic
> skills in reading are also quite poor.
> Emotionally, he appears to have developed
> serious depression problems since the onset
> of visual problems and chronic pain.  He was
> encouraged to get into treatment at his
> local mental health center.

(Tr. 263).  The Psychologist went on to diagnose Plaintiff to

suffer from major depression worsened by visual problems and

chronic pain, mild mental retardation (estimated), visual

problems, hypertension, reflux, and obesity.  Blanton also

expressed the opinion that White was markedly limited in his

ability to understand, remember, and carry out detailed

instructions; use judgment in detailed or complex work related

decisions; respond to customary work pressure; and maintain

attention, concentration and pace for a period of at least two

hours (Tr. 264).

Dr. Glenton Davis, on September 4 and September 25, 2009,

treated Plaintiff for hypertension and various pain complaints

6

(Tr. 265-72).  The doctor completed a physical capacities evaluation in which he indicated that White was capable of lifting and carrying five pounds occasionally and one pound frequently and could sit and stand or walk for one hour during an eight-hour day; Davis indicated that Plaintiff needed an assistive device to walk and that he should avoid dust, fumes, gases, and extreme temperatures (Tr. 270).  The doctor further stated that White would not be able to use arm and/or leg controls, climb, balance, bend or stoop, reach, operate motor vehicles or work around hazardous machinery; Davis suggested that Plaintiff would miss more than four days of work a month because of his impairments.  The doctor also completed a pain assessment form in which he found that White's pain would distract him from adequately performing his daily activities; that physical activity would cause him to abandon his tasks; and that medication side effects would be severe and limit his effectiveness (Tr. 271-72).  Davis also indicated that Plaintiff's medications would require him to lie down for four hours per day.  This concludes the medical evidence.

White first claims that the ALJ did not properly consider the opinions and conclusions of the mental status examiner. More specifically, Plaintiff asserts that the opinions of

Psychologist Blanton support a finding that he meets the requirements of Listing 12.05C (Doc. 22, pp. 3-6).  The Court will take up these two claims together.

The introductory notes to Listing section 12.05 state that "[m]ental retardation refers to a significantly subaverage general intellectual functioning with deficits in adaptive behavior initially manifested during the development period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22."  20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12.05 (2011).  Subsection C requires "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function."  20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12.05C (2011).

The Court notes that the ALJ specifically found that White did not meet the requirements of Section 12.05C (Tr. 17-20).  In reaching this conclusion, he specifically rejected the opinions of Blanton (Tr. 18).  The ALJ first found that Plaintiff's depression was not severe (Tr. 18), a finding not challenged in this action (*see* Doc. 22).  Next, the ALJ noted that there was "no medically determined diagnosis of 'Mental Retardation,'" specifically noting that Blanton was unable to properly assess

8

White's abilities as he could not complete the tests (Tr. 18). This failure led to Blanton's indicating that he "estimated" that Plaintiff was mentally retarded; the ALJ also correctly noted that Blanton did not provide an opinion as to whether the test results he actually obtained were valid (Tr. 18). The ALJ also noted that White had failed to demonstrate any indication of "deficits in adaptive functioning . . . before the age of 22," as required by the Regulations. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12.05 (2011).

Plaintiff has directed this Court's attention to the decision, *Hodges v. Barnhart*, 276 F.3d 1265, 1266 (11th Cir. 2001), in which the Eleventh Circuit Court of Appeals held "that there is a presumption that mental retardation is a condition that remains constant throughout life." The *Hodges* Court further held "that a claimant need not present evidence that she manifested deficits in adaptive functioning prior to the age of twenty-two, when she presented evidence of low IQ test results after the age of twenty-two." *Hodges*, 276 F.3d at 1266.

In this action, however, the ALJ rejected the test scores as invalid and incomplete. The Court further notes that the ALJ pointed out that Blanton's own examination notes revealed no memory loss, no loose associations, no tangential thinking, and

9

no psychomotor retardation (Tr. 19).  Finally, the ALJ pointed out the Vocational Expert's testimony that Plaintiff's past employment included skilled and semi-skilled work (Tr. 19).

The Court finds that the ALJ's rejection of Psychologist Blanton's opinions is supported by substantial evidence.  The Court also finds that the ALJ's conclusion that White has not satisfied the requirements of Listing 12.05C is supported by substantial evidence.  Plaintiff's claim otherwise is without merit.

White next claims that the ALJ improperly relied on the opinion of a Disability Specialist in determining his residual functional capacity (hereinafter *RFC*) (Doc. 22, pp. 6-7). Plaintiff specifically refers to the Physical RFC Assessment completed by Leslie Jackson (Tr. 242-49).  The Court notes that the opinion of a nonexamining physician "is entitled to little weight and taken alone does not constitute substantial evidence to support an administrative decision." *Swindle v. Sullivan*, 914 F.2d 222, 226 n.3 (11th Cir. 1990) (citing *Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985).

The ALJ noted the evaluation by "a non-examining state agency consultant" and found it consistent with the other evidence of record at the time it was given (Tr. 26).  The ALJ

10

went on to assign it significant weight (*id.*).

The Court notes that Jackson did not examine White and was not even a physician.  However, Plaintiff was seen by Dr. Robidoux who did perform a thorough physical examination; though Robidoux did not complete an RFC assessment, he gave his opinion that although he should not drive and suffered with depth perception problems, White had no limitations as far as sitting, standing, lifting, carrying, bending, pushing, pulling, or in the manipulation or handling of objects (Tr. 239-40).  The ALJ noted these findings and "assigned them significant weight in assessing the claimant's residual functional capacity" (Tr. 25). The ALJ also rejected the extreme limitations found by Dr. Davis (Tr. 26), a finding not challenged by Plaintiff in this action (*see* Doc. 22).  The Court finds that Plaintiff's claim, that the ALJ improperly relied on a Disability Specialist's opinion in determining his RFC, is without merit.

White has raised three claims in bringing this action.  All are without merit.  Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401.  Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th

Cir. 1980), and that this action be **DISMISSED**.  Judgment will be entered by separate Order.

DONE this 29th day of February, 2012.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE